UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BARRY WOLFE,

                         Plaintiff,       **DECISION AND ORDER**

  -vs-                               **No. 6:14-cv-6581-MAT-MWP**

CITY OF ROCHESTER, COMMISSIONER
DELMONIZE A. SMITH, Individual
and Official capacity,

                       Defendants.

## INTRODUCTION

Represented by counsel, Barry Wolfe ("Plaintiff"), a former employee of the City of Rochester ("the City"), instituted this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the City and his former supervisor, Delmonize A. Smith ("Smith") (collectively, "Defendants").

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Smith is the Commissioner of Neighborhood and Business Development for the City of Rochester. Plaintiff was hired by the City in May of 1987, as an Engineer Technician, and was subsequently promoted to Junior City Planner. On July 1, 2003, Plaintiff accepted a probationary appointment to the competitive class position of Senior City Planner in the Department of Community Development. After completing his probationary terms, Plaintiff became a permanent appointee, subject to the protections of New York Civil Service Law ("N.Y. C.S.L.") § 75 ("Section 75").

On April 3, April 10, and April 22, 2014, urine was found in the wastebaskets of several employees in the Permit Office work area. The Rochester Police Department was consulted, and video cameras were installed in the Bureau of Planning on April 11, 2014. Video recorded by the cameras on April 21, 2014, showed Plaintiff pouring urine into his co-workers' wastebaskets.

A Notice of Suspension was sent to Plaintiff on April 24, 2014, indicating that he was being suspended with pay pending completion of an administrative investigation into his conduct on April 21, 2014.

On June 5, 2014, Smith sent a letter to Plaintiff, informing him that in accordance with Section 75, he was being charged with "[p]lacing urine in a waste basket" based on the following facts:

> Due to several incidents in which urine was found in waste baskets in the Permit Office of the Bureau of Planning & Zoning, surveillance cameras were installed in the office. On April 24, 2014, you were observed on security camera footage pouring liquid from a cup into a waste basket of a co-worker in a cubicle located in the Permit Office. Upon the emptying of that waste basket by City Hall cleaning staff, it was determined that the liquid you poured in that waste basket was urine.

(Dkt #56-1, p. 2 of 3). Plaintiff was informed that he had until June 13, 2014, to respond to the charges asserted in the letter, and was instructed that his answer was required to be in writing and postmarked June 13, 2014, at the latest. Smith also outlined the consequences of a plea of "not guilty," namely, that Plaintiff was entitled to a hearing and to be represented by an attorney. The

-2-

letter set forth the possible penalties or punishment that could be imposed following a finding of guilty: "a reprimand, a fine not to exceed $100, a suspension without pay for a period not exceeding two months, a demotion in bracket and title, or termination." (Dkt #56-1, p. 3 of 3).

Plaintiff sent a letter dated June 11, 2014, to Smith, stating in part that he had been struggling with a "bladder problem for years" which had been "compounded by" untreated sleep apnea, and that he is "often in great pain" and "need[s] to relieve [his] bladder very quickly." (Dkt. #56-2, p. 2 of 4). Plaintiff stated that his "condition and symptoms have become much worse recently[,] and when alone and in pain a very few times [he] emptied a cup in a wastebasket." (Id.). Plaintiff said he was "ashamed beyond measure" of his "abnormal behavior" and stated that his "actions were completely motivated by [his] condition." (Id.). He asked for permission to take extended medical leave in order to see "all the specialists necessary" to treat his condition. (Id.). Plaintiff closed the letter by stating he was "pleading guilty to this charge with an attached medical explanation[.]" (Id., p. 3 of 4). The "medical explanation" consisted of a note dated June 9, 2014, signed by Jeffrey A. Liberman, D.O., stating that Plaintiff was under his care for a bladder control issue, was being evaluated by a specialist, and would miss work for the next four weeks. (Id., p. 4 of 4).

On June 20, 2014, Smith sent a letter to Plaintiff informing him that he was being terminated, effective immediately. (Dkt #56-3, p. 2 of 2). Smith explained his reasoning for imposing the penalty of termination:

> Your admission to pouring a cup full of urine into a wastebasket on several occasions exhibited a complete disregard for the health, safety, and sensibilities of your co-workers. Your claimed bladder control issue is not a justification for your aberrant behavior; it does not excuse or explain your calculated decision to pour urine into a co-worker's wastebasket. While I considered your twenty-seven (27) year work history with the City, it does not mitigate the penalty of termination.

(Id.).

Defendants indicate that by letter dated July 2, 2014, Plaintiff unsuccessfully appealed his termination to the New York Civil Service Commission pursuant to N.Y. C.S.L. § 76.

Plaintiff, through counsel, instituted this action on October 10, 2014, alleging causes of action based upon procedural due process violations under the Fourteenth Amendment, municipal liability, intentional infliction of emotional distress, and negligent infliction of emotional distress. Following discovery, Defendants moved for summary judgment on August 1, 2016. Plaintiff filed a motion seeking partial summary judgment on August 3, 2016, and opposed Defendants' summary judgment motion. Defendants have opposed Plaintiff's partial summary judgment motion. The motions were submitted on the papers without oral argument on September 29, 2016.

-4-

For the reasons discussed below, Defendants' motion for summary judgment is granted, and Plaintiff's motion for partial summary judgment is denied.

## SUMMARY JUDGMENT STANDARD

A court "shall grant summary judgment" pursuant to Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute exists 'where the evidence is such that a reasonable jury could decide in the nonmovant's favor.'" Walsh v. New York City Hous. Auth., 828 F.3d 70, 74 (2d Cir. 2016) (quoting Delaney v. Bank of Am. Corp., 766 F.3d 163, 167 (2d Cir. 2014)). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may . . . point[ ] to an absence of evidence to support an essential element of the nonmoving party's claim." Gummo v. Vill. of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

## DISCUSSION

### I.   Denial of Procedural Due Process

In his first cause of action, Plaintiff asserts that he was not afforded procedural due process because (i) he did not have a hearing, and (ii) he was not given an additional five (5) days to respond to the charge, pursuant New York Civil Practice Law and Rules ("C.P.L.R.") § 2103.

### A.    Denial of Pre-Termination Hearing

"When a governmental employee is found to have a 'property interest' in continuation of his or her employment, the Due Process Clause of the Fourteenth Amendment forbids discharge unless the employee is afforded a pre-termination hearing." O'Neill v. City of Auburn, 23 F.3d 685, 688 (2d Cir. 1994) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985); other citations omitted). N.Y. C.S.L. § 75 governs the procedures by which covered civil service employees in New York may be removed or subjected to other disciplinary action. Section 75 confers upon employees covered by its provisions a protected property interest in their continued employment, and provides, in relevant part, as follows:

> A person . . . shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section.

N.Y. CIV. SERV. L. § 75(1).

With regard to the procedures to be followed in such cases, Section 75 provides that

> [a] person against whom removal or other disciplinary action is proposed shall have written notice thereof and of the reasons therefor, shall be furnished a copy of the charges preferred against him and shall be allowed at least eight days for answering the same in writing. The hearing upon such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose. . . . The burden of proving incompetency or misconduct shall be upon the person alleging the same. . . .

N.Y. CIV. SERV. LAW § 75(2). Defendants note that the purpose of a hearing under Section 75 is to determine if the employee engaged in the misconduct with which he was charged. See N.Y. CIV. SERV. L. § 75(1), (2). Here, Defendants argue, Plaintiff pled guilty and admitted to the misconduct with which he was charged, thereby obviating the necessity of a hearing. (See Dkt #45-26, p. 5 of 17 (citing Matter of Kufs v. State of N.Y. Liquor Auth., 637 N.Y.S.2d 846, 847 (4th Dep't 1996) (holding that trial court erred in granting petition to set aside order of cancellation issued by respondent; court "had no authority to review respondent's determination sustaining the charges against petitioner" because, "[b]y entering [his] 'no contest' plea, petitioner waived [his] right to a review of the facts upon which the punishment was imposed") (quotation and citation omitted)). Plaintiff acknowledges that he "pled guilty to the disciplinary charge" but argues that "the right to a hearing does not depend on a demonstration of certain success." (Dkt #53, p. 9 of 10 (citations omitted)). Plaintiff also asserts in his Complaint that despite pleading guilty, he never expressly, knowingly and voluntarily waived his right to a hearing. (Dkt # 1, ¶ 17). The Court need not resolve the waiver issue, because Plaintiff does not present a cognizable constitutional claim on the facts presented in the record.

As the Second Circuit has explained, when a "[S]tate employee intentionally deprives an individual of property or liberty"

through a "random, unauthorized act[ ]," "the Due Process Clause of the Fourteenth Amendment is not violated . . . , so long as the State provides a meaningful postdeprivation remedy." Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 880 (2d Cir. 1996) (citing Hudson v. Palmer, 468 U.S. 517, 531, 533 (1984); other citations omitted)). Here, Plaintiff does not assert that the due process violation premised on the lack of a pre-termination hearing was caused by an established State procedure; rather the gist of his claim is that Defendants "disregarded the clearly established laws of the State of New York and the United States when it [sic] wrongfully failed to provide Plaintiff with the procedures set out by the laws of the State of New York." (Dkt #1, ¶ 27). Plaintiff essentially is accusing Defendants of committing a "random, unauthorized act[,]" Hellenic Am. Neighborhood Action Comm., 101 F.3d at 880. Plaintiff's claim that Defendants failed to follow the appropriate procedures specified in Section 75 when terminating him "necessarily fails because of the availability of [New York Civil Practice Law and Rules] Article 78 review." Chaffer v. Bd. of Educ. of City Sch. Dist. of City of Long Beach, 229 F. Supp.2d 185, 189 (E.D.N.Y. 2002) (citing Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 880 (2d Cir. 1996)), aff'd, 75 F. App'x 12 (2d Cir. 2003)). That is, even assuming arguendo that Section 75 did require Smith, notwithstanding Plaintiff's guilty plea, to give Plaintiff a hearing before

-8-

terminating him, Plaintiff's Section 1983 claim cannot stand. The Second Circuit has held repeatedly that "[a]n Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit." Id. at 881 (holding that when New York law gave city contractor meaningful opportunity to challenge its alleged de facto debarment from city procurements, contractor was not deprived of due process as result of its own failure to avail itself of that opportunity; citing Hudson, 468 U.S. at 535). Here, "because [Plaintiff] could have brought an Article 78 proceeding challenging [Defendants'] termination of him, he cannot allege a constitutional violation on the ground that [Defendants] deviated from the standard Section 75 procedures in terminating him." Chaffer, 229 F. Supp.2d at 189 (citing Garayua v. Bd. of Educ. of the Yonkers City Sch. Dist., 671 N.Y.S.2d 278, 278 (2d Dep't 1998); Rafiy v. Nassau Cnty. Med. Ctr., 218 F. Supp.2d 295, 304 (E.D.N.Y. 2002)).

Plaintiff's procedural due process claim, in the First Cause of Action, premised on the failure to provide a pre-termination hearing, is not cognizable and fails as a matter of law.

**B.   Failure to Provide Adequate Time to Respond**

Section 75 provides in pertinent part that "[a] person against whom removal or other disciplinary action is proposed shall have written notice thereof and of the reasons therefor, shall be furnished a copy of the charges preferred against him and shall be

allowed at least eight days for answering the same in writing."
N.Y. CIV. SERV. LAW § 75(2). Here, the Notice of Charges was mailed
on June 5, 2014, by regular first class mail and certified mail. It
indicated that Plaintiff's response was required to be postmarked
by June 13, 2014, thereby providing Plaintiff with the statutorily-
required eight (8) days.

Plaintiff, however, asserts that pursuant to C.P.L.R. § 2103
(Service of papers), he was entitled to an additional five (5) days
to respond to the Notice of Charges. Though Plaintiff does not
specify the applicable subdivision of C.P.L.R. § 2103, Defendants
and the Court have assumed he is citing subdivision (b)(2) which
deals with service of interlocutory papers upon a represented party
attorney in a "pending action." N.Y. CIV. P. LAW & R. § 2103(b)(2).
It provides that in such cases, service shall be on the party's
attorney, and "where a period of time prescribed by law is measured
from the service of a paper and service is by mail, five days shall
be added to the prescribed period if the mailing is made within the
state[.]" Id.

The application of C.P.L.R. § 2103 "is expressly restricted to
service 'in a pending action[.]'" Fiedelman v. New York State Dep't
of Health, 58 N.Y.2d 80, 82 (1983) (per curiam). Section 101
explicitly provides that the C.P.L.R. is applicable only to "civil
judicial proceedings in all courts of [New York] state." N.Y. CIV.
P. LAW & R. § 101. Courts in New York have consistently declined to

apply the provisions of the C.P.L.R. to administrative and disciplinary proceedings. See, e.g., Fiedelman, 58 N.Y.2d at 83 (holding that C.P.L.R. 2103(c), which prescribes extensions of time where service on a party is made by mail, do not apply to administrative proceedings) (citing Application of Clark, 301 N.Y.S.2d 804, 809 (Sup. Ct. 1969) ("A disciplinary hearing is not a 'civil judicial proceeding' (CPLR § 101).") (quoting Infante v. Donohue, 249 N.Y.S.2d 100, 105 (Sup. Ct. 1964)); other citations omitted); see also IESI N.Y. Corp. v. Martinez, 778 N.Y.S.2d 900, 901 (2d Dep't 2004) ("[T]he CPLR governs procedure in civil judicial proceedings (see CPLR 101). 'All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized' (CPLR 103(b)). An administrative proceeding is not an action nor a special proceeding. Accordingly, the underlying administrative proceeding in this case was not a civil judicial proceeding, and the service provisions of CPLR 311(a)(1) did not apply.") (some internal citations omitted).

Here, the proceeding at issue clearly was not a civil judicial proceeding as defined by New York law. Rather, it was an employee disciplinary proceeding held pursuant N.Y. C.S.L. § 75(2), which must be conducted by the officer or body having the power to remove the employee (unless that person designates someone else to conduct the hearing), according to duly enacted rules and regulations

specifically applicable to such proceedings. See, e.g., Infante, 249 N.Y.S.2d at 105 (rejecting respondent's request for procedural steps and remedies available to a litigant in a civil trial under the C.P.L.R., such as an order for a bill of particulars, examination before trial, a court-appointed referee and a change of venue, because the proceeding was a disciplinary hearing pursuant to rules of the Division of New York State Police). Therefore, C.P.L.R. § 2103(b) has no application here.

The procedural due process claim asserted in the First Cause of Action, namely, that Plaintiff was entitled to rely on the time-periods set forth in C.P.L.R. § 2103(b) when responding to the Notice of Charge, fails as a matter of law.

## II.  Municipal Liability

Plaintiff's second cause of action asserts a claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-94 (1978), on the basis that the City allegedly had a custom, policy or practice of (i) denying its permanent employees their right to a hearing pursuant to Section 75 without obtaining the employees' express waiver of their right to a hearing; (ii) denying its employees a Section 75 hearing when the City, in its sole discretion, believed that the record evidence was sufficient to obviate the necessity of a hearing; and (iii) denying its employees the required eight (8) days to answer charges brought against them pursuant to Section 75. (See Dkt #1, ¶¶ 34-36).

"Monell does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where . . . the policies or customs that it has sanctioned, led to an independent constitutional violation." Segal v. City of N.Y., 459 F.3d 207, 219 (2d Cir. 2006) (emphasis in original; citing Monell, 436 U.S. at 694 (municipal policy was "the moving force of the constitutional violation" asserted by the plaintiff); other citation omitted). Here, the Court has dismissed, as a matter of law, Plaintiff's procedural due process claims based on the denial of a pre-termination hearing and the provision of inadequate time to respond to the charges. As there are no "independent constitutional violation[s]" to remedy in this case, Plaintiff cannot proceed on his Monell claim. See, e.g., Mangino v. Inc. Vill. of Patchogue, 739 F. Supp.2d 205, 259 (E.D.N.Y. 2010) ("[B]ecause plaintiffs have not demonstrated any constitutional violations by the Fire Department defendants, there is no basis on which they could predicate Monell liability against the Fire Department. When plaintiffs lack any underlying claim of a deprivation of a constitutional right, the claim of municipal liability on the part of the municipal defendant must be dismissed as well.") (citing Segal, 459 F.3d at 219-20 (holding that district court did not need to reach municipal liability claim where due process claims failed); other citations omitted); Sanchez-Vazquez v. Rochester

-13-

City Sch. Dist., 2012 U.S. Dist. LEXIS 96301, at *11-*12 (W.D.N.Y. July 10, 2012) ("Since Plaintiff failed to state a Section 1981 discrimination claim or any constitutional claim, his Monell claim necessarily fails.") (citing Segal, 459 F.3d at 219), aff'd, 2013 U.S. App. LEXIS 9661 (2d Cir. N.Y., May 14, 2013).

## III. Intentional Infliction of Emotional Distress ("IIED")

Plaintiff asserts that by the act of denying him of his due process rights, Defendants intended to cause, and did cause Plaintiff to suffer severe emotional distress. (See Dkt #1, ¶¶ 43-44).

### A. IIED Claim As Against the City

It is well settled that "[p]ursuant to New York law, '[p]ublic policy bars claims for intentional infliction of emotional distress against a governmental entity.'" Frederique v. Cnty. of Nassau, 168 F. Supp.3d 455 (E.D.N.Y. 2016) (quoting Burbar v. Inc. Vill. of Garden City, 961 F. Supp.2d 462, 474 (E.D.N.Y. 2013) (further quotation and citation omitted)); see also Dzwonczyk v. Syracuse City Police Dep't, 710 F. Supp.2d 248, 273 n. 6 (N.D.N.Y. 2008) ("Plaintiff's IIED claim against the County must fail, as it is well-settled that public policy bars claims sounding in intentional infliction of emotional distress against a government entity.") (internal quotation omitted). Therefore, the Court dismisses, as a matter of law, Plaintiff's cause of action for IIED against the City. See id.

-14-

### B.    IIED As Against Smith

Because no Federal causes of action remain pending in this proceeding, the Court declines to exercise supplemental jurisdiction over Plaintiff's claim for IIED against Smith. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim [properly before the court] if . . . the district court has dismissed all claims over which it has original jurisdiction. . . .").

## IV.  Negligent Infliction of Emotional Distress

Plaintiff employs the same boilerplate allegations for his cause of action asserting negligent infliction of emotional distress as he does for the IIED cause of action; he merely substitutes the word "negligently" for "intentionally." (See Dkt #1, ¶¶ 46-47). Plaintiff cannot have it both ways. See, e.g., Mazurkiewicz v. New York City Transit Auth., 810 F. Supp. 563, 570-71 (S.D.N.Y. 1993) ("Plaintiff cannot argue that defendants engaged in intentional conduct that forms the basis of an assault and § 1983 excessive force claim and also argue that defendants were negligent towards plaintiff."). Furthermore, as noted above, no Federal causes of action remain pending in this proceeding. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims for negligent infliction of emotional distress against Defendants. See 28 U.S.C. § 1367(c)(3).

-15-

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment is granted, and Plaintiff's Motion for Partial Summary judgment is denied. The Complaint is dismissed. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**s/ Michael A. Telesca**

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:     October 6, 2016
           Rochester, New York.